IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL PORTUGAL,              )<br>                                               )<br>        Plaintiff(s),             )<br>                                               )<br>    vs.                                    )<br>                                               )<br>SGT. HOPKINS, et al.,       )<br>                                               )<br>        Defendant(s).           )<br>_____ ) | No. C 08-4323 CRB (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner currently incarcerated at High Desert State Prison, has filed a pro se complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement at Salinas Valley State Prison. He seeks compensatory and punitive damages. He also requests that the court excuse his obligation to exhaust available administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation

1  omitted). Even when the prisoner seeks relief not available in grievance
2  proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.;
3  Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a
4  prerequisite to all prisoner suits about prison life, whether they involve general
5  circumstances or particular episodes, and whether they allege excessive force or
6  some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement
7  requires "proper exhaustion" of available administrative remedies. Woodford v.
8  Ngo, 548 U.S. 81, 93 (2006).

9      The State of California provides its prisoners the right to appeal
10 administratively "any departmental decision, action, condition or policy
11 perceived by those individuals as adversely affecting their welfare." Cal. Code
12 Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging
13 misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust
14 available administrative remedies within this system, a prisoner must proceed
15 through several levels of appeal: (1) informal resolution, (2) formal written
16 appeal on a CDC 602 inmate appeal form, (3) second level appeal to the
17 institution head or designee, and (4) third level appeal to the Director of the
18 California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237
19 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from
20 the Director's level of review satisfies the exhaustion requirement under §
21 1997e(a). Id. at 1237-38.

22     Nonexhaustion under § 1997e(a) is an affirmative defense which should
23 be brought by defendant(s) in an unenumerated motion to dismiss under Federal
24 Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.
25 2003). But a complaint may be dismissed by the court for failure to exhaust if a
26 prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."
27
28     2

1 | Id. at 1120.  Here, plaintiff concedes he did not exhaust available administrative
2 | remedies through the Director's level of review before filing suit, but argues that
3 | the exhaustion requirement should be excused because the response to his second
4 | formal level appeal is past due.  The complaint makes clear that plaintiff filed the
5 | instant action only weeks after he received a response from the first formal level
6 | and filed an appeal to the second formal level.  The modest delay in his receiving
7 | a response from the second formal level of review does not constitute an
8 | extraordinary circumstance which might compel that he be excused from
9 | complying with § 1997e(a).  Cf. Booth, 532 U.S. at 741 n.6 (courts should not
10 | read "futility or other exceptions" into § 1997e(a)).

      Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

      The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  Oct. 21, 2008

                    CHARLES R. BREYER
                    United States District Judge

G:\PRO-SE\CRB\CR.08\Portugal, D3.dismissal.wpd